IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BARRON LAMONT JONES,**

       **Petitioner,**

vs.                                                                                 **No. CIV 08-168 WJ/LCS**

**ROBERT ULIBARRI, Warden,**
**and GARY K. KING, Attorney General**
**of the State of New Mexico,**

       **Respondents.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Mr. Jones's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed February 13, 2008 (Doc. 1), and Respondents' Motion to Dismiss, filed May 20, 2008. (Doc. 17.) Petitioner, currently incarcerated, attacks the Judgment, Sentence and Commitment filed May 22, 2006 in the Second Judicial District, Bernalillo County, State of New Mexico, as well as the Amended Judgment, Sentence and Commitment filed on May 31, 2006. (Doc. 14, Exs. A, B.) Respondents seek dismissal, asserting that Petitioner has failed to state a claim pursuant to 28 U.S.C. § 2254. (Doc. 17.) The United States Magistrate Judge, having considered the motion, the briefs, the record, relevant law, and being otherwise fully advised, finds there is no need for an evidentiary hearing and that Mr. Jones's petition is not well-taken and should be **DENIED**.

      **I.**        **PROCEDURAL HISTORY**

      1.        On October 14, 2005, in the Second Judicial District, Bernalillo County, New Mexico, in CR 2005-4632, Petitioner was indicted by the grand jury for committing five offenses on September 28, 2005: aggravated burglary, commercial burglary, criminal trespass,

and two counts of shoplifting (over $250). (Doc. 14, Ex. S at 1, 8.) On March 2, 2006, Petitioner entered a repeat offender plea and disposition agreement. (*Id*., Ex. C.) He pled guilty to one count of commercial burglary in violation of N.M. STAT. ANN. 1978 § 30-16-3 which states in pertinent part:

> Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.

Petitioner also pled guilty to one count of shoplifting (over $250) in violation of N.M. STAT. ANN. 1978 § 30-16-20(A) which states in pertinent part:

> A. Shoplifting consists of one or more of the following acts:
> (1) willfully taking possession of merchandise with the intention of converting it without paying for it;
> (2) willfully concealing merchandise with the intention of converting it without paying for it;
> (3) willfully altering a label, price tag or marking upon merchandise with the intention of depriving the merchant of all or some part of the value of it; or
> (4) willfully transferring any merchandise from the container in or on which it is displayed to any other container with the intention of depriving the merchant of all or some part of the value of it.

The remaining charges of shoplifting and criminal trespass were dismissed. (Doc. 14, Ex. C.)

2.      Mr. Jones's repeat offender plea and disposition agreement listed sentences of eighteen (18) months each for the commercial burglary and shoplifting counts (over $250), with a four (4) year habitual offender enhancement for the commercial burglary count, for a total incarceration period of seven (7) years.[1] (Doc. 14, Exs. C, F.) Mr. Jones agreed, by signing his

---

[1] In CR 2006-2200, Petitioner was indicted for one count of shoplifting (over $250) for an offense committed on April 30, 2006. (Doc. 14, Ex. T.) On May 22, 2006, Petitioner entered a repeat offender plea and disposition agreement. (*Id*., Ex. F.) He pled no contest to one count of shoplifting (over $250) in violation of N.M. STAT. ANN. 1978 § 30-16-20(A). (*Id*. at 1.) The two matters, CR 2005-4632 and CR 2006-2200, were consolidated for plea purposes. (*Id*., Ex. G.)

plea agreement, that he had discussed his case and his rights with his lawyer and that he read and understood the plea agreement. *(Id.,* Exs. C at 4, F at 4.)

3.  As part of his plea agreement, Mr. Jones waived his right to appeal.[2] (Doc. 14, Exs. C at 3, F at 4.)

4.  Mr. Jones filed his first petition for writ of habeas corpus in the Bernalillo County District Court on August 2, 2006. (Doc. 14, Ex. H.) He argued that: (i) the state misinterpreted N.M. STAT. ANN. 1978 § 30-16-20(C) and thus, wrongly charged him; (ii) his counsel was ineffective for failing to dispute the alleged multiple charges in violation of N.M. STAT. ANN. 1978 § 30-16-20(C); and (iii) the state had no right to charge him on all counts and he was prejudiced because of it. *(Id.)* The court summarily dismissed the petition on September 21, 2006, stating that "as a matter of law Petitioner is not entitled to relief."[3] (Doc. 14, Ex. I.)

5.  Mr. Jones filed a Motion for Extension of Time to File Petition for Writ of Certiorari. On March 5, 2007, the Supreme Court of New Mexico granted Petitioner's motion for extension of time to May 4, 2007. (Doc. 14, Ex. P.) On April 4, 2007, Mr. Jones filed a petition for writ of certiorari to the Second District Court of New Mexico. *(Id.,* Ex. Q.)

---

[2] The court entered its original Judgment, Sentence and Commitment on May 22, 2006. (Doc. 14, Ex. A.) In its judgment, the court erroneously recorded one count of shoplifting (over $2500) in CR 2006-2200. *(Id.* at 2.) On May 31, 2006, the court entered an amended judgment to reflect the corrected offense of one count of shoplifting (over $250). *(Id.,* Ex. B).

[3] The state court further stated that "30-16-20(C) does not apply because the charges in CR 2005-4632 and the charges in CR 2006-2200 did not arise out of the same transaction. The two crimes occurred on different dates and in different locations." (Doc. 14, Ex. I.) Despite the state court's interpretation, Petitioner was arguing that the charges of burglary and shoplifting from CR 2005-4632 arose out of the same transaction, and therefore, he could not be charged with both burglary and shoplifting under N.M. STAT. ANN. 1978 § 30-16-20(C). Petitioner was not referring to the shoplifting charge in CR 2006-2200. However, no harm was caused to Petitioner because he raised the same issues in his second state habeas petition. And the state court's determination of Petitioner's claims in his second state habeas petition was not contrary to or an unreasonable application of clearly established federal law.

He argued that: (i) the state misinterpreted N.M. STAT. ANN. 1978 § 30-16-20(C) and thus, wrongly charged him with burglary and shoplifting; (ii) CR 2006-2200 was not part of the plea in question; and (iii) his counsel was ineffective for failing to inform him of all possible scenarios involving his situation.  (*Id*. at 3.)  The Supreme Court of New Mexico denied the Petition for Writ of Certiorari on April 24, 2007.  (*Id*., Ex. R.)

      6.     Mr. Jones filed his second petition for writ of habeas corpus in Bernalillo County District Court on January 29, 2007.  (Doc. 14, Ex. J.)  He argued that: (i) the state misinterpreted N.M. STAT. ANN. 1978 § 30-16-20(C) and thus, wrongly charged him; (ii) his counsel was ineffective for failing to dispute the alleged multiple charges in violation of N.M. STAT. ANN. 1978 § 30-16-20(C); and (iii) the Double Jeopardy Clause prevents the state from charging him with both burglary and shoplifting pursuant to N.M. STAT. ANN. 1978 § 30-16-20(C).  (*Id*. at 3.)

      7.     On April 9, 2007, the Public Defender was appointed to represent Mr. Jones.  (Doc. 14, Ex. K.)  On August 15, 2007, John L. Walker, Assistant Public Defender, filed a supplement to the January 29, 2007 petition for writ of habeas corpus.  (*Id*., Ex. M.)  In the supplemental petition, counsel reiterated Petitioner's claims but did not assert any new claims.  (*Id*.)  The court denied the petition on December 4, 2007, stating that with regard to his first claim:

> "Burglary and Shoplifting do not constitute the same transaction.  The crime of burglary is completed when there is an unauthorized entry with the intent to commit a felony or theft in the structure entered.  Stealing is not a necessary element of burglary."  These are two separate and <u>distinctive</u> criminal acts.  Thus it is not the <u>same</u> transaction.

(Doc. 14, Ex. O at 1.)  In addressing his ineffective assistance of counsel claim, the court stated "this claim is wholly without merit.  Defendant has not shown that defense counsel's performance fell below the standard of a reasonably competent attorney and due to the deficient performance, the defense was prejudiced.  Likewise Defendant has not shown that he was prejudiced."  (*Id*. at 2.)  As for the double jeopardy claim, the court stated that "The crimes of burglary and shoplifting are not unitary in nature.  Furthermore the elements of each crime are not identical, each crime has different elements."  (*Id*.)

       8.      Mr. Jones, presently incarcerated in the Central New Mexico Correctional Facility, timely filed his petition for federal habeas relief in this Court on February 13, 2008.  (Doc. 1.)  He raises the following issues: (i) whether being charged and convicted for both commercial burglary and shoplifting are in direct violation of N.M. STAT. ANN. 1978 § 30-16-20(C); (ii) whether his counsel was ineffective for failing to dispute the alleged multiple charges in violation of N.M. STAT. ANN 1978 § 30-16-20(C); and (iii) whether he was coerced into entering his plea agreements due to overcharging.  (*Id*.)  Mr. Jones does not contest committing the crimes of burglary and shoplifting.  He is contesting the double jeopardy issue.  (*See* Doc. 1 at 6, 7, 9.)  Respondents filed an Answer to the petition for writ of habeas corpus on April 25, 2008.  (Doc. 14.)  In their Answer, Respondents assert that all issues were exhausted in New Mexico state courts.  *(Id*. at 3.)  On May 20, 2008, Respondents moved to dismiss Mr. Jones's petition on the grounds that it fails to state a cognizable federal claim under 28 U.S.C. § 2254.  (Doc. 17.)

      **II.**     **STANDARD**

       9.      Although Mr. Jones's first state habeas petition was summarily dismissed, his second state habeas petition was not.  In the second state habeas petition, the state court

adjudicated the merits of Petitioner's claims.  Thus, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the Court's review of Mr. Jones's application.  Under AEDPA, the appropriate standard of review for a particular claim is determined by the state courts' treatment of that claim.  *See Welch v. Sirmons*, 451 F.3d 675, 682 (10th Cir. 2006).  If a state court has not addressed a claim on the merits, *de novo* review is appropriate.  *Id*.  But if a state court has addressed a claim on the merits, a federal court may not grant an application for a writ of habeas corpus unless the state decision was (1) "contrary to" or an "unreasonable application" of "clearly established" federal law, as determined by the Supreme Court, or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings."  28 U.S.C. § 2254(d).

   10.   A state court decision is "contrary to" federal law if it "'arrives at a conclusion opposite to that reached by the Supreme Court on a question of law'" or "'decides a case differently than the Court has on a set of materially indistinguishable facts.'"  *Young v. Sirmons*, 486 F.3d 655, 662-63 (10th Cir. 2007) (quoting *Torres v. Lytle*, 461 F.3d 1303, 1311 (10th Cir. 2006)).  When reviewing a state court's summary disposition, the focus is on the result rather than any reasoning.  *See Stevens v. Ortiz*, 465 F.3d 1229, 1235 (10th Cir. 2006) (quoting *Saiz v. Ortiz*, 392 F.3d 1166, 1176 (10th Cir. 2004), *cert denied*, 545 U.S. 1146 (2005)).  However, when reviewing fully reasoned opinions, "this circuit has not focused solely on the result 'where the state court's explicit *reasoning* contravenes Supreme Court precedent.'"  *Id*. (quoting *Brown v. Uphoff*, 381 F.3d 1219, 1225 (10th Cir. 2004), *cert denied*, 543 U.S. 1079 (2006)).

   11.   A state court decision is an "unreasonable application" of federal law if it "correctly identifies the governing legal principle from the Supreme Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Young*, 486 F.3d at 663 (quoting *Torres*, 461 F.3d at 1311). "'[A] federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable.'" *Penry v. Johnson*, 532 U.S. 782, 793 (2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)).  Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application was also objectively unreasonable. *Id*.

12. A state court decision rests on an "unreasonable determination of the facts" where a petitioner shows by "clear and convincing evidence" that a factual finding is erroneous. *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005). Otherwise, factual findings are presumed correct. 28 U.S.C. § 2254(e)(1).

13. Only federal constitutional principles clearly established at the time of the conviction are relevant. *See Allen v. Reed*, 427 F.3d 767, 774 (10th Cir. 2005); *see also Teague v. Lane*, 489 U.S. 288, 307 (1989). Moreover, even if application of the above standard does not preclude further review by the federal court and even if a constitutional violation is found, habeas relief may not issue unless the violation is of the sort that warrants such relief. *See Williams*, 529 U.S. at 375.

### III.    ANALYSIS

#### A.    Double Jeopardy Claim

14. In his first claim, Mr. Jones argues that he was charged and convicted for both commercial burglary and shoplifting in direct violation of N.M. STAT. ANN. 1978 § 30-16-20(C), and consequently in violation of the Double Jeopardy Clause of the Fifth Amendment.

Specifically, Mr. Jones contends that the statute, properly construed, allows for prosecution of either shoplifting (over $250) or commercial burglary, but not both. (Doc. 1 at 6.)

     15.     The Double Jeopardy Clause of the Fifth Amendment provides in relevant part: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ." This Clause "protects against multiple punishments for the same offense." *Ward v. Williams*, 240 F.3d 1238, 1242 (10th Cir. 2001) (citing *United States v. DiFrancesco*, 449 U.S. 117, 129 (1980)). The underlying idea of the Double Jeopardy Clause is that:

> [T]he State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States*, 355 U.S. 184, 187-88 (1957).

     16.     *Swafford v. State* is the leading New Mexico case on multiple punishments. 810 P.2d 1223, 1227-28 (N.M. 1991). "The pivotal question in multiple punishment cases is whether the defendant is being punished twice for the same offense." *Id*. In order to answer this question, the court must first decide whether it is faced with a "unit of prosecution" case or a "double-description" case. *Id*. In a unit of prosecution case, "the defendant has been charged with multiple violations of a single statute based on a single course of conduct." *Swafford*, 810 P.2d at 1228. In a double-description case, "the defendant is charged with violations of multiple statues that may or may not be deemed the same offense for double jeopardy purposes." *Id*. Petitioner argues that this is a unit of prosecution case. He is mistaken. Petitioner was not "charged with multiple violations of a single statute[,]" rather, he was

charged with violations of two separate statutes for two separate crimes.  *See Swafford*, 810 P.2d at 1228.  Consequently, I will analyze this case as a double-description case.

17. Since this is a double-description multiple punishment case, I will apply the *Swafford* analysis to determine whether a double jeopardy violation has occurred.  *See State v. Armendariz*, 141 P.3d 526, 188 (N.M. 2006).  In *Swafford*, the "Court synthesized the many varied theories set forth in both New Mexico and federal decisional law to come up with a single test for multiple punishment cases."  *State v. Frazier*, 164 P.3d 1, 4 (N.M. 2007).  At issue is "the legislature's intent to authorize multiple punishments for the same offense."  *Id*.  The "two-part test for determining legislative intent to punish" asks first, "whether the conduct underlying the offenses is unitary, *i.e.*, whether the same conduct violates both statutes."  *Swafford*, 810 P.2d at 1233.  "The second part focuses on the statutes at issue to determine whether the legislature intended to create separately punishable offenses."  *Id*.  "The conduct question depends to a large degree on the elements of the charged offenses and the facts presented at trial."  *Id*.  Every case cannot be resolved on time and space considerations, rather, one must look to the quality and nature of the acts involved.  *See Swafford*, 810 P.2d at 1234.  "If it reasonably can be said that the conduct is unitary, then one must move to the second part of the inquiry.  Otherwise, if the conduct is separate and distinct, inquiry is at an end."  *Swafford*, 810 P.2d at 1234.

18. Applying the *Swafford* test to Mr. Jones's charges and sentences for burglary and shoplifting, I find no double jeopardy violation.  The same conduct does not violate both statutes, and thus, the conduct is not unitary.  "As to the contention of double jeopardy upon which the petition of habeas corpus is rested in this case, this court has settled that the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the

fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes." *Morgan v. Devine*, 237 U.S. 632, 641 (1915); *see also Yparrea v. Dorsey*, 64 F.3d 577 (10th Cir. 1995).  Although the burglary and shoplifting occurred simultaneously, burglary and shoplifting are distinguishable.  *Swafford*, 810 P.2d at 1234.  Petitioner committed burglary when he entered Sam's Club, without authorization, with the intent to commit a theft therein.  *See* N.M. STAT. ANN. 1978 § 30-16-3.  Petitioner shoplifted when he willfully took possession of the merchandise with the intent to convert it without paying for it, and when he willfully altered the price tags with the intent to deprive the merchant.  *See* N.M. STAT. ANN. 1978 § 30-16-20.  The crime of shoplifting does not require an unauthorized entry.  Nor is stealing a necessary element of burglary.  Therefore, shoplifting and burglary are two separate crimes each requiring an element of proof not required by the other.  *See Blockburger v. United States*, 284 U.S. 299, 304 (1932).  An individual can commit both the crime of shoplifting and the crime of burglary in the same transaction and, thus, be charged under two separate statutes for the respective crimes.

   19. In denying Mr. Jones's petition the state court found:

> "Burglary and Shoplifting do not constitute the same transaction. The crime of burglary is completed when there is an unauthorized entry with the intent to commit a felony or theft in the structure entered.  Stealing is not a necessary element of burglary." *State v. Ford*, 81 N.M. 556, 559, 469 P.2d 535, 538 (Ct. App. 1970). These are two separate and <u>distinctive</u> criminal acts.  Thus it is not the <u>same</u> transaction.
>  . . . .
> The crimes of burglary and shoplifting are not unitary in nature - *State v. Frazier*, 2007 NMSC 32/¶ ¶ 14-15; –N.M.–, 164 P.3d 9. Furthermore the elements of each crime are not identical, each crime has different elements.

(Doc. 14, Ex. O at 1.)  This analysis comports with that required by *Blockburger* and *Morgan*, s*upra*.  Therefore, the state court's determination of Mr. Jones's double jeopardy claim was not contrary to or an unreasonable application of clearly established federal law.

> **B.     Ineffective Assistance of Counsel Claim**

20.     In his second claim, Mr. Jones argues that his counsel was ineffective for failing to dispute the alleged multiple charges in violation of N.M. STAT. ANN. 1978 § 30-16-20(C).  (Doc. 1 at 7.)  This claim was denied by the state court which held that it was without merit.  (Doc. 14, Ex. O at 2.)  The court stated "Defendant has not shown that defense counsel's performance fell below the standard of a reasonably competent attorney and due to the deficient performance, the defense was prejudiced.  Likewise Defendant has not shown that he was prejudiced."  (*Id*.)

21.     To prevail, Mr. Jones has the burden of proving his counsel's assistance was constitutionally ineffective by meeting the two-prong test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Defendant must first "show that counsel's representation fell below an objective standard of reasonableness."  *Id*. at 688.  "Second, the defendant must show that the deficient performance prejudiced the defense."  *Id*. at 687.  "In order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

22.     Petitioner's allegations are insufficient to satisfy either prong of *Strickland's* two-part test.  Under the first prong, counsel could not possibly have been ineffective because Petitioner's double jeopardy claim is without merit.  "Failure to raise an issue that is determined not to have merit does not constitute constitutionally ineffective assistance of counsel."  *United*

*States v. Dixon*, 1 F.3d 1080, 1083 n.5 (10th Cir. 1987), *abrogated on other grounds by Florida v. White*, 526 U.S. 559 (1999).  As for the prejudice prong, Petitioner did not allege that he would not have pleaded guilty and would have, instead, gone to trial.  Furthermore, in exchange for his plea agreement, the additional charges of aggravated burglary, criminal trespass, and one count of shoplifting against Petitioner were dropped.  Thus, Petitioner benefitted from his plea agreement.  Accordingly, Mr. Jones's ineffective assistance of counsel claim must fail.

        **C.**      **Involuntary Plea Claim**

        23.      In his third claim, Mr. Jones argues that his plea was involuntary because he was overcharged in violation of N.M. STAT. ANN. 1978 § 30-16-20(C), and that had he been aware of this, he would not have pled guilty. (Doc. 1 at 9.)  This claim is without merit.  As established *supra*, Petitioner was properly charged with burglary and shoplifting under two separate statutes.

        24.      Furthermore, "[t]he longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  *Hill*, 474 U.S. at 56 (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970).  By signing his plea agreement, Mr. Jones acknowledged that: (i) he read and understood the agreement, (ii) he discussed the case and his constitutional rights with his lawyer, (iii) he understood by pleading guilty he was giving up his right to a trial by jury, right to confront, cross-examine, and compel the attendance of witnesses, and his privilege against self-incrimination, and (iv) he was agreeing to enter his plea. (Doc. 14, Exs. C, F.)  Simply put, the record contradicts Petitioner's conclusory coercion allegations.

**IV.     RECOMMENDATION**

25.     Having reviewed the record in this case, all applicable law, and being otherwise fully advised, I recommend that Mr. Jones's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to U.S.C. § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102.  A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**